**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JOSHUA BENJAMIN BUTLER, IV,
*Defendant-Appellant.*

No. 00-4840

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

KIMBERLY EDWARDS,
*Defendant-Appellant.*

No. 00-4909

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lacy H. Thornburg, District Judge.
(CR-00-6-T)

Submitted: May 15, 2001

Decided: June 29, 2001

Before WIDENER and MOTZ, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Sandra Michaels, Atlanta, Georgia; Lyle J. Yurko, YURKO & OWENS, P.A., Charlotte, North Carolina; Ronald J. Freeman, JOHNSON, FREEMAN & PERKINS-HOOKER, L.L.C., Atlanta, Georgia, for Appellants. Robert J. Conrad, Jr., United States Attorney, Kenneth M. Smith, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Joshua Benjamin Butler, IV, and Kimberly Edwards pled guilty to conspiracy to commit a federal offense, 18 U.S.C. § 371 (1994), and computer fraud, 18 U.S.C.A. § 1030(a)(4) (West 2000), 18 U.S.C. § 2 (1994). Butler was sentenced to a term of twenty-one months imprisonment. Edwards received a sentence of fifteen months imprisonment. In this appeal, Butler contests the three-level adjustment he received under *U.S. Sentencing Guidelines Manual* § 3B1.1(b) (2000), for being a manager or supervisor, and Edwards challenges the extent of the district court's departure for substantial assistance in her case. We affirm Butler's and Edwards' sentences.*

Between September and December 1998, while Edwards was working as a customer assistance specialist with Equifax, a credit reporting agency in Atlanta, Georgia, Butler supplied her with the names, addresses, and Social Security numbers of persons who wanted to improve their credit ratings. Edwards then removed negative information from the files and added favorable credit information. Butler obtained the information he supplied to Edwards from

---

*We grant Appellants' motion to correct their brief.

Alvarado Clarke, who lived in Charlotte, North Carolina, and repre-
sented himself as a "credit doctor" who could help people improve
their credit standing. Clarke paid Butler about $500 for each file that
was altered. Edwards and Clarke apparently did not know each other
and never met. Edwards initially admitted that Butler and she split the
$500 payments from Clarke equally. Later, she testified at a co-
defendant's trial that she received no money from Butler. At her sen-
tencing, her lawyer represented that she had received less than $1000.

While the conspiracy continued, Edwards altered approximately
sixty Equifax files. With their credit thus "cleansed," a number of co-
defendants bought expensive houses and vehicles on credit. As a
result, creditors in North Carolina and Georgia extended or approved
approximately $1.1 million in credit to the co-conspirators and others
whose files were altered.

Butler objected to the probation officer's suggestion that he man-
aged or supervised Edwards, arguing that he "merely acted as a go-
between." The district court found that Butler was actually a leader
in the offense because he was a "crucial link in the organization," and
his participation made it successful. However, the court decided not
to increase the adjustment to four levels, *see* USSG § 3B1.1(a), and
instead accepted the probation officer's recommendation for a three-
level adjustment under § 3B1.1(b).

On appeal, Butler maintains that the district court erred in making
no specific findings of fact to support the manager or supervisor
adjustment and, in particular, in not explaining what acts Butler per-
formed that were managerial. The district court's finding was indeed
brief, but adequate to set out its reasons for finding that Butler had
an aggravated role. That the court did not focus on Butler's supervi-
sory or managerial conduct is understandable in light of the fact that
the district court actually found that Butler was a leader in the
offense, not a manager or supervisor.

A sentencing court's determination of the defendant's role in the
offense is a factual finding reviewed for clear error. *United States v.
Perkins*, 108 F.3d 512, 518 (4th Cir. 1997). If the district court did
not clearly err in finding that Butler was a leader in the offense, then

we may affirm its decision to give him a lesser adjustment—in effect, a one-level downward departure.

Application Note 4 to § 4B1.1 lists a number of factors that the court should consider in distinguishing a leadership role from one of management or supervision. Among them are the nature of participation in the commission of the offense and the degree of participation in planning or organizing the offense. The district court stated several times that it considered Butler to have had a pivotal role in the offense, and that the conspiracy could not have gone forward without him because he provided the link between Edwards, who was capable of altering credit files, and Clarke, who found customers willing to pay for this service. Although Butler's attorney argued that he was expendable because Edwards and Clarke could have dealt directly with each other, in fact they were connected only through Butler. On these facts, we find that the district court did not clearly err in finding that Butler was a leader in the offense. Thus, because a four-level adjustment would not have been clear error, the lesser adjustment was not clear error. The district court effectively departed downward by one level.

In Edwards' case, although the government recommended a four-level departure under USSG § 5K1.1, p.s. based on her substantial assistance, the district court departed by only two offense levels, finding that the lesser departure was more appropriate because Edwards was the person who actually altered the credit files at Equifax. Edwards contends that the court erred by considering her culpability in determining how far to depart. Edwards, however, failed to object to this asserted error in the district court. Accordingly, our review is for plain error. *See United States v. Olano*, 507 U.S. 725 (1993). We cannot find any plain error affecting Edwards' substantial rights, which seriously affects the fairness, integrity or public reputation of the judicial process. *See id.* at 731-32.

We therefore affirm Butler's and Edwards' sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*